UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH COUNTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:24-cv-01437-MTS |
| | ) |
| STATE OF MISSOURI, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

Self-represented Plaintiff Joseph Counts filed this civil action on October 25, 2024, against the State of Missouri. Citing the Declaratory Judgment Act, 28 U.S.C. § 2201, Counts asks this Court to void a July 18, 2022, order of protection issued by the Circuit Court of Franklin County, Missouri. On review of the Complaint, the Court concludes that it lacks subject matter jurisdiction over this action and will therefore dismiss it. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

**I.   Facts and Background**

Counts claims that on July 18, 2022, while he was in pretrial detention in Illinois for criminal charges, "the 20th Judicial Circuit of Franklin County, MO accepted and filed a pro se ex-parte order of protection against" him. Doc. [1] at 3. Counts states he challenged the order of protection in the Missouri courts, but was not allowed to file a handwritten brief, and his motion to dismiss for lack of personal jurisdiction was "not signed off on." *Id.* at 5. He states he requested a rehearing, but in August of 2023, the

order of protection was issued for another two years. He claims his federal constitutional rights were violated in the Missouri courts.

Counts stated that he challenged his continued pretrial detention in Illinois court, but "the order of protection was specifically cited as a reason to detain Counts constituting part of the injury for the instant action." *Id.* at 4. Counts also complains that the order of protection is accessible in the National Crime Information Center, which constitutes "another injury for purposes of the instant action." *Id.* As relief, Counts asks this Court to "declare the order of protection issued or sustained in violation of the constitution of the United States and therefore void." *Id.* at 7.

This action is the second time Counts has asked this United States District Court to void the July 18, 2022, order of protection. In *Counts v. State of Missouri*, 4:24-cv-00489-SEP (E.D. Mo.) ("*Counts I*"), Counts filed a complaint against the State of Missouri pursuant to the Declaratory Judgment Act and asked this Court to declare the order of protection void and unenforceable. Citing the *Rooker-Feldman* doctrine,[1] the Court dismissed the case for lack of subject matter jurisdiction.

## II.   Legal Standard

Under Federal Rule of Civil Procedure 12(h)(3), a federal district court "must dismiss" an action if "at any time" the court concludes "that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). Indeed, "district courts have an independent obligation to address their own subject-matter jurisdiction and can dismiss actions sua

---

[1] *See generally District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

sponte for a lack of subject-matter jurisdiction." *City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1093 (10th Cir. 2017); *accord Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021) ("[S]ua sponte dismissal is mandatory when a court discovers that it lacks subject-matter jurisdiction."); *Hurt v. U.S. Ct. of Appeals for D.C. Cir. Banc*, 264 F. App'x 1 (D.C. Cir. 2008) (per curiam) (joined by Gorsuch, J.) ("It was proper for the district court to analyze its own jurisdiction sua sponte and dismiss the case for lack of jurisdiction.").

### III.  Discussion

Like the *Counts I* court, this Court will dismiss this action for lack of subject matter jurisdiction. Federal district courts lack jurisdiction to engage in appellate review of state court determinations. *See Postma v. First Fed. Sav. & Loan of Sioux City*, 74 F.3d 160, 162 (8th Cir. 1996). The *Rooker-Feldman* doctrine recognizes that, except for habeas corpus petitions, federal district courts lack subject matter jurisdiction over cases brought by litigants who lost in state court, complain of "injuries caused by state court judgments rendered before the district court proceedings are commenced," and invite the district court to review and reject those judgments. *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Ballinger v. Culotta*, 322 F.3d 546, 548 (8th Cir. 2003) (a federal district court lacks jurisdiction to consider a claim which "in effect constitutes a challenge to a state court decision").

This case falls squarely within the scope of the *Rooker-Feldman* doctrine. Counts, who lost in state court, complains of injuries caused by a state court order of protection that was entered before this action was filed, and he asks this Court to review and reject

that order. In other words, Counts "seeks to get out from under a state court judgment, following an adverse decision. *Rooker-Feldman* prevents this Court from entertaining [Counts's] request." *Counts I*, 4:24-cv-00489-SEP, ECF No. 9 at 3 (E.D. Mo. June 28, 2024) (quoting *Jones v. St. Louis Cnty.*, 4:23-cv-00594-JAR, 2023 WL 4488371, at *6 (E.D. Mo. Jul. 11, 2023) (dismissing the plaintiff's claim that a "state court decision to enter a full protection order against her was erroneous" under the *Rooker-Feldman* doctrine), *aff'd*, 2023 WL 9286051 (8th Cir. Oct. 16, 2023)). The Court will therefore dismiss this action, without prejudice, pursuant to Federal Rule of Civil Procedure 12(h)(3). *See Sac & Fox Tribe of the Miss. in Iowa, Election Bd. v. Bureau of Indian Affs.*, 439 F.3d 832, 836 (8th Cir. 2006) ("Once the district court became aware that it lacked subject matter jurisdiction, it had no choice but to dismiss the claim."); *see also Untracht v. Weimann*, 141 F. App'x 46, 47 (3d Cir. 2005) (per curiam) (affirming dismissal under Rule 12(h)(3) where claims were barred by the *Rooker-Feldman* doctrine); *Velazquez v. S. Fla. Fed. Credit Union*, 546 F. App'x 854, 856 (11th Cir. 2013) (per curiam) (same).[2]

One loose end remains, the filing fee. Federal law provides that the Clerk of this Court must require a filer "instituting any civil action, suit or proceeding . . . to pay a

---

[2] Even if the *Rooker-Feldman* doctrine were not a problem for Counts, the Eleventh Amendment would be. "[T]he Eleventh Amendment prohibits federal courts from entertaining suits by private parties against States and their agencies." *Alabama v. Pugh*, 438 U.S. 781, 781 (1978). Two "well-established exceptions" to Eleventh Amendment immunity exist: (1) where Congress has statutorily abrogated such immunity by clear and unmistakable language; and (2) when a state waives its immunity to suit in federal court. *Barnes v. State of Missouri*, 960 F.2d 63, 64–65 (8th Cir. 1992). Counts does not claim, and independent inquiry does not show, that either exception applies in this case. For this additional reason, the Court concludes it lacks subject matter jurisdiction over this action and dismissal under Rule 12(h)(3) is required.

filing fee of $350," along with any "additional fees" that the Judicial Conference of the United States has prescribed.[3] 28 U.S.C. § 1914(a), (b); *see also* E.D. Mo. L.R. 2.01(B). Congress has provided that indigent litigants may seek leave to proceed without prepayment of fees, often called proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(a). Under the Prison Litigation Reform Act (PLRA), though, "if a prisoner brings a civil action," then "the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1); *see also Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) (explaining that the purpose of the PLRA "was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time").

When Counts filed this action, he was a prisoner as defined in 28 U.S.C. § 1915(h). He filed an Application to Proceed in District Court Without Prepaying Fees or Costs. Doc. [3]. The Court denied his Application without prejudice because he failed to file the statutorily-required account statement. *See* 28 U.S.C. § 1915(a)(2); *see also Koenig v. Missouri Dep't of Corr.*, 4:23-cv-01524-MTS, 2024 WL 277939, at *2 (E.D. Mo. Jan. 25, 2024). The Court gave Counts the chance to either prepay the required filing fee in full or file a new Application that complied with § 1915(a). Prior to filing his second Application, though, Counts was released from confinement and no longer was a "prisoner" as defined at § 1915(h). Doc. [6]. The Court must determine what effect Counts's release from confinement has on his ability to proceed without prepaying fees or

---

[3] The Judicial Conference has imposed a $55 administrative fee. *See* Judicial Conference Schedule of Fees, District Court Miscellaneous Fee Schedule, ¶ 14 (effective Dec. 1, 2023).

costs here. The text of § 1915 and precedent demonstrates that Counts's release from confinement *after* he filed this action does not affect the filing fee Counts owes.

The text of the PLRA plainly provides that "if a prisoner brings a civil action," then "the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1); *accord Lefkowitz v. Citi-Equity Grp., Inc.*, 146 F.3d 609, 612 (8th Cir. 1998) (noting that "a prisoner who brings 'a civil action or files an appeal' IFP is required to pay the full amount of the filing fee" (citing § 1915(b)(1))). The Court "see[s] no reason to ascribe any meaning to that provision other than its plain meaning: one who chooses to sue or appeal while incarcerated is responsible for the payment of the entire filing fee." *McGann v. Comm'r, Soc. Sec. Admin.*, 96 F.3d 28, 30 (2d Cir. 1996) (Miner, J., dissenting). After all, the statute "contains no provision to forgive the debt upon release from confinement." *Id.*; *accord Gay v. Texas Dep't of Corr. State Jail Div.*, 117 F.3d 240, 242 n.3 (5th Cir. 1997).

This reading of the PLRA's text is in harmony with the U.S. Court of Appeals for the Eighth Circuit's recognition that the statute "makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997). Indeed, the Eighth Circuit later reemphasized this point in the context of appellate filing fees, noting that the entire amount of the filing fee is "assessed" against a prisoner under the PLRA "upon the filing of a notice of appeal." *See Henderson v. Norris*, 129 F.3d 481, 484–85 (8th Cir. 1997) (per curiam) (distinguishing between the "'assessment,' 'calculation,' and 'collection'" of filing fees and referencing the "immediate assessment of the full appellate filing fees" against a

prisoner). Thus, Counts is responsible for the entire fee because the full fee was assessed against him prior to his release from custody. *See Domino v. Garland*, 0:20-cv-2583-ECT, 2021 WL 1221188, at *1 & n.3 (D. Minn. Apr. 1, 2021) (concluding that though the litigant was "no longer a prisoner, he will be required to pay the outstanding amount of the filing fee under 28 U.S.C. § 1915(b) because he was a prisoner when he brought this action"); *see also Williams v. Doe #1*, 4:06-cv-1344-JCH, 2006 WL 3804027, at *1 n.1 (E.D. Mo. Nov. 7, 2006) (noting "§ 1915(b)(1) continue[d] to apply" despite litigant's release).[4]

## IV. Conclusion

The Court must dismiss this action because the Court has no jurisdiction over it. *See* Fed. R. Civ. P. 12(h)(3). Both the *Rooker-Feldman* doctrine and Missouri's sovereign immunity bar this action. But given that Counts became "responsible" for the entire filing fee when he filed this action, *Tyler*, 110 F.3d at 529–30, the time when the full fee was "assessed" against him, *Henderson*, 129 F.3d at 484, he must pay the filing fee "in full," *see Ashley*, 147 F.3d at 716.[5] Counts remains obligated to pay the filing fee despite the dismissal of this action. *See Brooks v. Medina*, 465 F. App'x 808 (10th Cir.

---

[4] *But see Parnell v. Thacker*, 1:18-cv-0258-JMB, 2019 WL 691674, at *1 n.1 (E.D. Mo. Feb. 19, 2019) (stating without analysis that the "PLRA fee requirements are not applicable to a released prisoner" (quoting *DeBlasio v. Gilmore*, 315 F.3d 396, 397 (4th Cir. 2003))).

[5] Even if the PLRA would have allowed Counts to pay only the amounts that he already should have paid while he was a prisoner and then permit him to "apply for *forma pauperis* status on the balance," the Court could not make those calculations here because Counts (once again) failed to file a copy of his prison trust account statement in his second Application. *See Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997) (noting that when a litigant is released from confinement, "the data pertinent to his prison accounts did not vanish" and "still c[ould] be supplied"). Because he failed to file the statutorily-required statement, the Court would deny his second Application in any event. *See Koenig*, 2024 WL 277939, at *2.

2012) (noting a plaintiff-appellant's obligation to pay the filing fee remains even when his case has been dismissed).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Joseph Counts's Application for Leave to Proceed Without Prepayment of Fees or Costs, Doc. [6], is **DENIED**. The full $405 filing fee is due. *See* 28 U.S.C. § 1914(a).

A separate Order of Dismissal will be entered with this Memorandum and Order.

Dated this 13th day of March 2025.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE